418 So.2d 724 (1982)
Mrs. Antoinette Ybos DAVILLA
v.
Lowell F. JONES.
No. 13138.
Court of Appeal of Louisiana, Fourth Circuit.
July 30, 1982.
Stephen M. Chouest, O'Keefe, O'Keefe & Berrigan, New Orleans, for plaintiff-appellee.
Philip E. James, Jr., Andrew I. Brown, Henican, James & Cleveland, New Orleans, for defendant-appellant.
Before REDMANN, C. J., and AUGUSTINE and CIACCIO, JJ.
REDMANN, Chief Judge.
A lessee appeals from a judgment of eviction for non-payment of nine months' rent. The question is whether the circumstances of his dealings with the lessor relative to withholding the rent to make necessary exterior wall repairs prevent the lessor from evicting him. We conclude that they do and we therefore reverse.
It is not disputed that the walls require repairs and that those repairs are the obligation of the lessor. The lessor's contention that the lessee did not show that the repairs are indispensable is inconsistent with, her letter of June 1, 1981, which implicitly concedes the necessity of the work by agreeing to have it done.
The lessee had written the lessor February 4, 1981, detailing wall and roof problems, and advising that, unless repairs were commenced within two weeks, the lessee would have the repairs done and deduct their cost from future rents of $720 a month. By mid-April the lessor repaired the roof at a cost of $2,500. Lessee's April 22 letter asked the lessor's intentions concerning the wall problem, and advised that in the absence of a solution "we shall continue withholding rent until we have accumulated enough to employ our own contractor." Lessee's April 27 letter referred to a telephone conversation and promised that lessee would get prices from one or more contractors for the north wall work. Lessee on May 21 sent to lessor a $30,850 bid, and on June 1 sent a $36,736 bid with a letter noting that rainwater through exterior walls was an urgent problem, "and unless *725 we hear otherwise from you within one week we shall assume you want us to have the job done and deduct from rent payments." Also on June 1 lessor wrote to lessee, confirming a telephone conversation of that day to "request that you do not give a work crew permission to start on the work at 333-35 Bourbon street. I would like to get at least one more reasonable estimate, after which time I will take necessary action in getting the work completed. But you must allow me a reasonable amount of time. SO I DO NOT AUTHORIZE THE WORK TO BE STARTED AT THIS TIME."
The lessee testified that thereafter some contractor came to see the property to quote a price to the lessor, but that he heard no more from that contractor. The lessor testified that she called two other contractors for an estimate but never received one.
Nothing else occurred until July 10, when lessor served an eviction notice upon lessee, alleging non-payment of rent from March 1, 1981.
In Lake Forest, Inc. v. Katz & Besthoff, 391 So.2d 1286, 1288 (La.App. 4 Cir. 1980), this court concluded that "a lessor cannot effectively prevent the making of the repairs and thus deprive the lessee of one of his rights," namely the right under La.C.C. 2694 to make necessary repairs and deduct their reasonable cost from the rent. Lake Forest is similar to our case in that our lessor by her June 1 letter sought to stop our lessee from making the repairs and he acquiesced. We conclude, on the civil law estoppel doctrine of venire contra factum proprium non valet[1] (see Sanders v. United Distributors, Inc., 405 So.2d 536 (La. App. 4 Cir. 1981), writ refused 410 So.2d 1130), that our lessor cannot be allowed to evict our lessee for failing to actually spend the withheld rent on repairs when it was the lessor herself who importuned the lessee to delay those repairs. Nor can the lessor evict for the rents withheld after the lessee's February 4 letter because the parties were at all times negotiating for the repairs that the lessee could under the law have made without attempting to accommodate to the lessor's desire to have them done as inexpensively as possible, when at no time did the lessor demand that the rents be paid nor herself undertake the wall repairs.
The lessor argues that Lake Forest is distinguishable in that there the lessee had in fact resumed payment of rents. We deem that difference not controlling. The fact is that the lessor never undertook the wall repairs, and the law is that the lessee therefore had (and has today) the right to do so, and the delay in the lessee's doing so is attributable to the lessor and is therefore not available to the lessor as a ground for eviction.
Reversed.
NOTES
[1] Litvinoff, Louisiana Civil Law Treatise, Obligations, I § 88, n. 32, translates "no one is allowed to go against (the consequences of) his own acts."